UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| FERN E. WINGATE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:12-cv-00124-TWP-WGH |
| | ) |
| WAL-MART STORES EAST, LP, and | ) |
| ABITIBIBOWATER, INC., n/k/a RESOLUTE | ) |
| FOREST PRODUCTS, INC., | ) |
| | ) |
| Defendants. | ) |

## ENTRY ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

This matter is before the Court on the Motion for Summary Judgment (Dkt. 41) filed by Defendant, Wal-Mart Stores East, LP ("Wal-Mart"), and the Motion in which Defendant Abitibibowater, Inc., now known as Resolute Forest Products, Inc. ("RFP") has joined (Dkt. 44). Plaintiff, Fern E. Wingate ("Ms. Wingate"), brought this action in the Dearborn Superior Court of Indiana against Defendants, alleging that their negligence caused her serious injuries. Defendants jointly removed this action to federal court under the Court's diversity jurisdiction. For the reasons set forth below, Wal-Mart's and RFP's (collectively, "the Defendants") Motions for Summary Judgment are **DENIED**.

## I. BACKGROUND

The facts are undisputed and considered in the light most favorable to Ms. Wingate as the non-moving party. On June 21, 2011, Ms. Wingate was placing recyclable materials into a recycling dumpster located on Wal-Mart's premises. The dumpster, owned by RFP, was placed twenty-one feet from the entrance of the parking lot in the driving lane. Ms. Wingate's car was parked next to the dumpster. At that same time, a car driven by non-party Kathleen Turner ("Ms.

Turner") struck the dumpster and Ms. Wingate's car. Ms. Turner had intended to pull beside Ms. Wingate's parked car to use the dumpster; however, instead of pressing the brake pedal, Ms. Turner pressed the accelerator pedal. The dumpster then struck Ms. Wingate, pinning her beneath and causing severe injury. A witness to the accident heard Ms. Turner's car engine roar and tires squeal as she accelerated, instead of braking. After the crash, Ms. Turner exclaimed "I thought I hit my brake!"

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Hemsworth v. Quotesmith.Com, Inc.*, 476 F.3d 487, 489-90 (7th Cir. 2007). In ruling on a motion for summary judgment, the court reviews "the record in the light most favorable to the nonmoving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490 (citation omitted). "In much the same way that a court is not required to scour the record in search of evidence to defeat a motion for summary judgment, nor is it permitted to conduct a paper trial on the merits of a claim." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001) (citation and internal quotations omitted). Finally, "neither the mere existence of some alleged factual dispute between the parties nor the existence of some metaphysical doubt as to the

2

material facts is sufficient to defeat a motion for summary judgment." *Chiaramonte v. Fashion Bed Grp., Inc.*, 129 F.3d 391, 395 (7th Cir. 1997) (citations and internal quotations omitted).

## III. **DISCUSSION**

Under Indiana law, to prevail on a negligence claim, a plaintiff must prove: (1) a duty owed by the defendant to the plaintiff; (2) a breach of that duty by the defendant; and (3) an injury to the plaintiff proximately caused by the breach. *Robertson v. B.O.*, 977 N.E.2d 341, 344 (Ind. 2012). Ms. Wingate was an invitee of Wal-Mart, and thus it owed her the "highest duty" under premises law: "a duty to exercise reasonable care for [her] protection while [she] is on the landowner's premises." *Burrell v. Meads*, 569 N.E.2d 637, 639 (Ind. 1991) (relying on the Restatement (Second) of Torts § 343 (1965)). The Restatement defines the duty as follows:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger.

Restatement (Second) of Torts § 343 (1965).

Ms. Wingate's' Complaint alleges that "Defendants carelessly and negligently located the recycling bin near the main entrance and within the travel portion of the driveway that serves the parking lot owned by Defendant, [Wal-Mart]." Dkt. 1-1 at 11. Ms. Wingate argues that placement of the dumpster in the driving lane of the parking lot created an unreasonably dangerous condition. She has designated the expert opinion of Jerry Pigman, P.E., who states that the location of the recycling dumpster increased the likelihood of accidents in the area and that the proximity of the dumpster to the entrance of the parking lot caused the accident. Wal-

Mart, and by association RFP, contend that Ms. Turner's conduct was an intervening act that severs any liability of Defendants. Accordingly, causation is the sole issue before the Court on summary judgment.

"Generally, causation, and proximate cause in particular, is a question of fact for the jury's determination." *Correll v. Indiana Dept. of Transp.*, 783 N.E.2d 706, 707. "An indispensable element of an action for negligence is that the act complained of must be the proximate cause of the accident producing the injury." *Havert v. Caldwell*, 452 N.E.2d 154, 158 (Ind. 1983). The key to holding a defendant's act or omission "to be the proximate cause of the injury is that the ultimate injury be one that was foreseen, or reasonably should have been foreseen, as the natural and probable consequence of the act or omission." *Id.* Along this line of reasoning, an intervening act may sever the liability of "one whose original act or omission sets in motion the chain of events or circumstances leading to an injury." *Id.* "If the intervening cause was not reasonably foreseeable, the original negligent actor is relieved of any and all liability resulting from the original negligent act." *Humphrey v. Duke Energy Ind., Inc.*, 916 N.E.2d 287, 292 (Ind. Ct. App. 2009) (citation omitted). "Although the issue of proximate cause is often determined by the trier of fact, where it is clear that the injury was not foreseeable under the circumstances and that the imposition of liability upon the original negligent actor would not be justified, the determination of proximate cause may be made as a matter of law." *Id.* (citation omitted).

Taking the facts most favorable to Ms. Wingate, the Court finds there are disputed issues of material fact that preclude summary judgment. Here, the original act that Ms. Wingate contends was negligent is the placement of the dumpster. She argues that due to its placement in the driving lane, drivers had reduced reaction time and Ms. Turner's collision with the dumpster

and Ms. Wingate's vehicle was foreseeable. Wal-Mart and RFP argue that it is not a natural and expected danger that "customers will accidentally press their accelerators instead of their brakes when attempting to park (near recycling bins or otherwise)." Dkt. 56 at 2. However, a reasonable jury could find that due to the short distance between the driving lane from which Ms. Turner turned, the dumpster, and Ms. Wingate's car, that Ms. Turner was forced to react quickly, which in turn led to her mistakenly pressing the accelerator.

The following cases are instructive. In *Havert*, the Indiana Supreme Court found it was not reasonably foreseeable that the drunk driver would "come driving through the same lane of traffic in which parking was permitted and collide with [a] vehicle already situated in that lane in the same manner as any legally parked car would have been." 452 N.E.2d at 159. Likewise, in *Fawley v. Martin's Supermarkets, Inc.*, 618 N.E.2d 10, 14 (Ind. Ct. App. 1993), a grocery store's duty of reasonable care to protect its business invitees did not include a duty to protect pedestrians "from errant vehicles or intoxicated drivers whose vehicles negligently or recklessly are propelled" onto the sidewalk. Unlike these cases, here, it is disputable whether the location of the dumpster in the driving lane, which arguably is intended for vehicular traffic and not parking, was a 'but-for' cause of Ms. Turner's errant driving. Defendants argue that the location of the dumpster is not the pertinent inquiry because Ms. Turner intended to drive to the dumpster and park. However, "[o]nly in plain an indisputable cases, where only a single inference or conclusion can be drawn, are the questions of proximate cause and intervening cause matter of law to be determined by the court." *Peters v. Foster*, 804 N.E. 2d 736, 744 (Ind. 2004). Applying this principle, the Court cannot conclude as a matter of law that it was unforeseeable that the location of the dumpster could cause an accident, whether by a driver failing to stop in time

given the short distance or a driver mistakenly hitting the accelerator. Such a determination is one for a trier of fact. Therefore, summary judgment must be **DENIED**.

## IV. **CONCLUSION**

Accordingly, Wal-Mart's and RFP's Motions for Summary Judgment (Dkts. 41 and 44, respectively) are **DENIED**. This ruling in no way limits Defendants' affirmative defenses or arguments at trial.

**SO ORDERED.**

Date: 02/10/2014

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Frank George Kramer
EWBANK & KRAMER
contact@ewbankkramer.com

Matthew Reed King
FROST BROWN TODD LLC
mking@fbtlaw.com

Thomas L. Davis
FROST BROWN TODD LLC
tdavis@fbtlaw.com

Orfej P. Najdeski
KOPKA PINKUS DOLIN & EADS, LLC
opnajdeski@kopkalaw.com

Leslie B. Pollie
KOPKA, PINKUS, DOLIN, & EADS, LLC
lbpollie@kopkalaw.com

Patricia K. Woodring
KOPKA, PINKUS, DOLIN, & EADS, LLC
PKWoodring@kopkalaw.com